*E-Filed 11/15/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MARVIN R. GORDON,

    Plaintiff,

  v.

MATTHEW CATE, et al.,

    Defendants.

No. C 11-3593 RS (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

## DISCUSSION

**A.**   **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff alleges that defendants, officials and employees of Soledad State Prison and the California Department of Corrections and Rehabilitation ("CDCR"), violated his constitutional rights. His claims arise from a search of his cell which yielded contraband, specifically two screwdrivers. According to the complaint, defendants charged him with misconduct, found him guilty, reassigned him to different housing, and confiscated his property. Plaintiff's specific claims are that (1) defendants M. Lopp, S.E. Baumgardner, F. Ramos, R. Martinez, and S. Caravello, all correctional officers, retaliated against plaintiff in violation of his First and Eighth Amendment rights; (2) Lopp, Baumgardner, Ramos, Martinez, Caravello, R. Grounds, Warden of Soledad, and M. Cate, Director of CDCR, deprived him of property in violation of due process; (3) Lopp, Baumgardner, Ramos,

Martinez, and Caravello "overcharged plaintiff for an offense actually committed in retaliation" to prevent filing of administrative grievances; (4) Cate, Grounds, and Martinez have denied inmates the right to be heard prior to placement in segregated housing; (5) Caravello, Martinez, and Grounds knowingly prepared a false misconduct report; (6) Lopp, Mensing, and Clavijo knowingly prepared and submitted as evidence a false "confiscation receipt" in violation of due process;[1] (7) Cate and Grounds deliberately deprived him of a mattress and pillow in violation of the Eighth Amendment; (8) Cate and Grounds deprived him of outdoor exercise time, deliberately subjected him to "excruciatingly cold temperatures" and excessive noise, all in violation of the Eighth amendment;[2] (9) Cate and Grounds placed him on a "more onerous and hybrid" work privilege entitlement group in violation of due process, and by so doing, (10) have denied him access to yard, telephone, library and other rehabilitative programs in violation of the Eighth Amendment; (11) Cate, Grounds, Mensing, Calvijo and Lopp have rendered the process for obtaining confiscated property unworkable; and (12) unnamed defendants have chilled his exercise of his First Amendment rights; and (13) Cate, Grounds, J. Truett, a correctional officer, and P. Mullen, a correctional officer, have prevented inmates from raising any claim relating to patterns of abuses by state actors, thereby violating the Eighth Amendment.

Liberally construed, Claim 3, as stated in the complaint, is cognizable under § 1983. Plaintiff has not, however, alleged facts sufficient to state claims against R. Grounds and M. Cate, who occupy supervisory positions. Because there is no "pure" respondeat superior liability under section 1983, the requisite causal connection for section 1983 purposes may be established when an official sets in motion a "series of acts by others which the actor knows or reasonably should know would cause others to inflict" constitutional harms. *Preschooler II v. Clark Co. Sch. Bd. of Trustees*, 479 F.3d 1175, 1183 (9th Cir. 2007)

---

[1] This is a consolidation of Claims 6 & 7 listed in the complaint.

[2] This is a consolidation of Claims 9, 10 & 11 listed in the complaint.

(citation removed). In order to hold supervisors liable under § 1983, a plaintiff must show "(1) that he possessed a constitutional right of which he was deprived; (2) that the [named defendants] had a policy; (3) that the policy 'amounts to deliberate indifference' to [plaintiff's] constitutional right; and (4) that the policy is the "moving force behind the constitutional violation." *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (citations removed). There also must be a "direct causal link" between the policy or custom and the injury, and plaintiff must be able to demonstrate that the injury resulted from a "permanent and well settled practice." *Id.*, citing *McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2002). Plaintiff's allegations as to Grounds and Cate do not meet these requirements. Consequently, Claims 2 & 5–6 are DISMISSED with leave to amend.

Claims 1, 4 & 7–13 are DISMISSED without leave to amend on grounds that they are unrelated to the other claims. *See* Fed. R. Civ. P. 15 & 20. If plaintiff seeks relief for Claims 1, 4 & 7–13, he must file a separate civil rights action or actions.

In light of the foregoing, the complaint is DISMISSED with leave to amend. Plaintiff shall file an amended complaint within 30 days from the date this order is filed. The first amended complaint must include the caption and civil case number used in this order (11-3593 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED: November 14, 2011

RICHARD SEEBORG
United States District Judge

No. C 11-3593 RS (PR)
ORDER DISMISSING COMPLAINT

5