*E-Filed 7/16/12*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARVIN R. GORDON, | No. C 11-3593 RS (PR) |
| Plaintiff, | **ORDER OF SERVICE;** |
| v. | **DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;** |
| MATTHEW CATE, et al., | |
| Defendants. | **INSTRUCTIONS TO CLERK** |

**INTRODUCTION**

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. The Court now reviews the first amended complaint pursuant to 28 U.S.C. § 1915A(a). Defendants are directed to file a dispositive motion or notice regarding such motion on or before October 12, 2012, unless an extension is granted. **The Court further directs that they are to adhere to the new notice provisions detailed in Section 10 of the conclusion of this order.**

**DISCUSSION**

**A.      Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

*See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1),(2).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff alleges that defendants, officials and employees of Soledad State Prison and the California Department of Corrections and Rehabilitation ("CDCR"), violated his constitutional rights.  His claims arise from a search of his cell which yielded contraband, specifically two screwdrivers.  According to the complaint, defendants charged him with misconduct, found him guilty, reassigned him to different housing, and confiscated his property.  Plaintiff's specific claims are that (1) defendants M. Lopp, S.E. Baumgardner, F. Ramos, all correctional officers, retaliated against plaintiff in violation of his First and Eighth Amendment rights; (2) Lopp, Baumgardner, Ramos, R. Martinez, and S. Caravello

United States District Court
For the Northern District of California

1  overcharged plaintiff for a disciplinary offense in violation of due process; (3) Cate and

2  R. Grounds were responsible for the overcharging; (4) Cate, Grounds, and Martinez have

3  denied inmates the right to be heard prior to placement in segregated housing; (5) Cate and

4  Grounds violated plaintiff's Eighth and Fourteenth Amendment rights by the inadequate

5  housing he received; (6) Lopp, Baumgardner and Ramos violated his property interest;

6  (7) Cate and Grounds failed to provide adequate oversight over the property deprivation

7  process; (8) Cate and Grounds providing inadequate oversight allowed Lopp, Mensing, and

8  Clavijo to falsify documents related to plaintiff's administrative proceedings; (9) Grounds

9  violated his constitutional rights by placing him in an inappropriate housing classification;

10  and (10) Grounds, Truett, and Mullen retaliated against him in violation of the First and

11  Fourteenth Amendment.  Liberally construed, these claims appear to be cognizable under

12  § 1983.

13                                                **CONCLUSION**

14          For the foregoing reasons, the Court orders as follows:

15          1.      The Clerk of the Court shall issue summons and the United States Marshal

16  shall serve, without prepayment of fees, a copy of the amended complaint in this matter, all

17  attachments thereto, and a copy of this order upon Matthew Cate, Director of the CDCR,

18  R. Grounds, Warden at Soledad State Prison, and the following employees of Soledad:

19  R. Martinez, S. Caravello, J. Mensing, F. Ramos, H. Clavijo, M. Lopp, S.E. Baumgardner, J.

20  Truett, and P. Mullen.  The Clerk shall also mail courtesy copies of the complaint and this

21  order to the California Attorney General's Office.

22          2.      No later than ninety (90) days from the date of this order, defendants shall file

23  a motion for summary judgment or other dispositive motion with respect to the claims in the

24  complaint found to be cognizable above.

25                  a.      If defendants elect to file a motion to dismiss on the grounds plaintiff

26  failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

27

28                                                                              No. C 11-3593 RS (PR)
                                                                               ORDER OF SERVICE

                                                        3

defendants shall do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119–20 (9th Cir. 2003), cert. denied *Alameida v. Terhune*, 540 U.S. 810 (2003).

   b.  Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

   3.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than forty-five (45) days from the date defendants' motion is filed.

   a.  In the event the defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:

   The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

   b.  In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

The defendants have made a motion for summary  judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact — that is,  if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.  *See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

4.  Defendants shall file a reply brief no later than fifteen (15) days after plaintiff's opposition is filed.

United States District Court
For the Northern District of California

1    5.    The motion shall be deemed submitted as of the date the reply brief is due.  No

2    hearing will be held on the motion unless the Court so orders at a later date.

3    6.    All communications by the plaintiff with the Court must be served on

4    defendants, or defendants' counsel once counsel has been designated, by mailing a true copy

5    of the document to defendants or defendants' counsel.

6    7.    Discovery may be taken in accordance with the Federal Rules of Civil

7    Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local

8    Rule 16-1 is required before the parties may conduct discovery.

9    8.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

10   court informed of any change of address and must comply with the court's orders in a timely

11   fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

12   pursuant to Federal Rule of Civil Procedure 41(b).

13   9.    Extensions of time must be filed no later than the deadline sought to be

14   extended and must be accompanied by a showing of good cause.

15   10.   A recent decision from the Ninth Circuit requires that *pro se* prisoner-plaintiffs

16   be given "notice of what is required of them in order to oppose" summary judgment motions

17   at the time of filing of the motions, rather than when the court orders service of process or

18   otherwise before the motions are filed.  *Woods v. Carey*, No. 09-15548, slip op. 7871, 7874

19   (9th Cir. July 6, 2012).  **Defendants shall provide the following notice to plaintiff when**

20   **they file and serve any motion for summary judgment:**

21       The defendants have made a motion for summary judgment by which they seek
         to have your case dismissed.  A motion for summary judgment under Rule 56
22       of the Federal Rules of Civil Procedure will, if granted, end your case.

23       Rule 56 tells you what you must do in order to oppose a motion for summary
         judgment.  Generally, summary judgment must be granted when there is no
24       genuine issue of material fact — that is, if there is no real dispute about any
         fact that would affect the result of your case, the party who asked for summary
25       judgment is entitled to judgment as a matter of law, which will end your case.
         When a party you are suing makes a motion for summary judgment that is
26       properly supported by declarations (or other sworn testimony), you cannot
         simply rely on what your complaint says.  Instead, you must set out specific

27

28                                                                    No. C 11-3593 RS (PR)
                                                                      ORDER OF SERVICE

facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998).

**IT IS SO ORDERED**.

DATED:  July 13, 2012

_____
RICHARD SEEBORG
United States District Judge